IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

THE TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND,

THE TRUSTEES OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES PENSION FUND,

THE TRUSTEES OF THE FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 91, and

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES OF DISTRICT COUNCIL 91,

Plaintiffs,

-vs-

CAPITAL PAINTING AND COATINGS LLC,

KELSEY COOK, and

CAPITAL PAINTING LLC,

Defendants.

CASE NO. 4:26-cv-100

**COMPLAINT**

1. Plaintiffs are a local union and trustees of various multiemployer benefit funds. Defendants are employers obligated to pay contributions and dues to the Union and the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the Funds.

**JURISDICTION AND VENUE**

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because one or more of the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

**THE PARTIES**

4. Plaintiffs include the trustees and fiduciaries of the Indiana State Council of Roofers Health and Welfare Fund ("Health Fund"), the International Union of Painters and Allied Traders Pension Fund ("IUPAT Pension Fund"), and the Finishing Trades Institute of District Council 91 ("FTI"), collectively referred to as "the Funds." Each of the Funds were created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through Trust Agreements. The Funds are administered by joint Boards of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Funds' Boards of Trustees are the "plan sponsors" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Health Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The IUPAT Pension Fund is a multiemployer defined benefit pension plan within the meaning of ERISA §§

3(2), (34), and (37), 29 U.S.C. §§ 1002(2), (34), and (37). The FTI is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Health Fund is administered in Lafayette, Indiana.

5. Plaintiff International Union of Painters and Allied Trades of District Council 91 (the "Union") is a labor organization as defined in 29 U.S.C. §152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. §1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7).

6. Defendant Capital Painting and Coatings LLC is an administratively-dissolved Kentucky limited liability company. At all relevant times, Defendant Capital Painting and Coatings LLC was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant Capital Painting and Coatings LLC was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12). Capital Painting and Coatings LLC's principal place of business was in Hanson, Kentucky.

7. Defendant Capital Painting LLC is a Kentucky limited liability company. At all relevant times, Defendant Capital Painting LLC was an employer defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant Capital Painting LLC was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12). Capital Painting LLC's principal place of business is in Madisonville, Kentucky.

8. Defendant Kelsey Cook is an individual who was the owner of Defendant Capital Painting and Coatings LLC.

## COMMON FACTS

### A. Capital Painting and Coatings' Collective Bargaining Agreement

9. Capital Painting and Coatings LLC was a Kentucky limited liability company that was administratively dissolved on October 19, 2021. Prior to its dissolution, Capital Painting and Coatings LLC was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") with the Union. True and accurate copies of the signed signature page of the CBA, as well as the signed Memorandum of Agreement and Recognition Agreement, are attached as Exhibit A. A true and accurate copy of the CBA is attached as Exhibit B.

10. The terms of the CBA required Capital Painting and Coatings LLC to contribute to the Funds, along with other employee benefit funds, based upon the number of hours worked by Capital's employees. The terms of the CBA also required Capital, if authorized by its employees, to withhold dues from its employees' wages and to remit the dues to the Union on a monthly basis.

11. In addition to requiring contributions to the Funds and dues to the Union, the CBA also incorporated by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies. True and accurate copies of the relevant excerpts of the Funds' Trust Agreements are attached as Exhibits C, D, and E. A true and accurate copy of the Health Fund's Collection Policy is attached as Exhibit F.

12. Pursuant to the terms of the CBA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, Capital was required to make monthly contributions to the Funds on behalf of each of its employees. Capital was required to submit its monthly reports and contributions by the last day of the month following the month in which work was performed. If

payment was not received by the due date, the contributions were delinquent and subject to liquidated damages and interest. Capital was also liable for all attorney fees and costs incurred in the collection of delinquent contributions and/or other amounts owed to the Funds and the Union.

13. Pursuant to the terms of the CBA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, Capital was also required to submit to payroll audits. Capital was required to provide in conjunction with such audits all records that were required to complete such audits. In the event an audit disclosed that Capital had not paid contributions as required, Capital was liable for the costs of the audit, along with any attorney fees and costs incurred in the collection of the amounts owed.

14. Following the dissolution of Defendant Capital Painting and Coatings LLC, Defendant Kelsey Cook continued the business in substantially unchanged form as a proprietorship, and as a result she became bound by the CBA as a successor employer.

**B. Plaintiffs' Previous Lawsuit**

15. On July 12, 2022, Plaintiffs filed suit against Cook and Capital Painting and Coatings LLC, seeking to recover unpaid contributions and dues owed to Plaintiffs. The case was filed in the United States District Court for the Northern District of Indiana and was captioned *Trustees of the Indiana State Council of Roofers Health and Welfare Fund, et al. v. Capital Painting and Coatings LLC, et al.*, Case No. 4:22-cv-48-APR. On April 16, 2024, the Court in the previous lawsuit entered judgment in favor of Plaintiffs and against Cook and Capital Painting and Coatings LLC. On May 29, 2024, the Court entered an order awarding Plaintiffs their attorney fees and costs. The total amount of the judgment, including the award of attorney fees and costs, was $103,224.09.

16. In July 2025, following the Court's entry of judgment in the previous lawsuit, Plaintiffs, Capital Painting and Coatings LLC, and Cook entered into a Settlement Agreement whereby Cook and Capital Painting and Coatings LLC agreed to submit a down payment of $25,000 followed by monthly payments of $1,270.40 for 60 months. A true and accurate copy of the Settlement Agreement is attached as Exhibit G.

17. Pursuant to the terms of the Settlement Agreement, Cook and Capital Painting and Coatings LLC made payments through November 2025 totaling $32,081.60. However, Cook and Capital Painting and Coatings LLC failed to make any further payments.

**C. Formation of Capital Painting LLC**

18. In January 2025, following the Court's entry of judgment in the previous lawsuit, Chris Cook formed Capital Painting LLC. Chris Cook is married to Kelsey Cook. Chris Cook was also the organizer and registered agent for Capital Painting and Coatings LLC.

19. Since its formation, Capital Painting LLC has continued in the same trade and business as Capital Painting and Coatings LLC.

20. Capital Painting LLC has the same or similar owners or shareholders and corporate officers as Capital Painting and Coating LLC.

21. Capital Painting LLC services the same or similar customers as Capital Painting and Coatings LLC.

22. Because Capital Painting LLC was at all relevant times a related entity engaged in the same business as Capital Painting and Coatings LLC, sharing the same management, ownership, customers, operations, and equipment, it is a single employer or alter ego of Capital Painting and Coatings LLC for all purposes of this action.

23. Capital Painting LLC is merely a continuation of Capital Painting and Coatings LLC, bound by the CBA as a result of being a single employer or alter ego of Capital Painting and Coatings LLC.

24. Upon information and belief, Capital Painting LLC was formed for the purpose of continuing Capital Painting and Coatings LLC's business while avoiding the obligations of Capital Painting and Coatings LLC under its CBA.

**COUNT I**
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. Defendants have failed to pay the required contributions to the Funds for one or more work months for the period June 1, 2021, through the present.

27. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT II**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions and Dues)**

28. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

29. Defendants have failed to pay the required contributions and dues to the Funds and the Union for one or more work months for the period June 1, 2021, through the present.

30. Defendants' actions are in violation of the CBA, the Funds' Trust Agreement, and policies and procedures adopted by Plaintiffs, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT III**
**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. Defendants failed to make timely contribution payments for one or more work months during the period June 1, 2021, through the present, thereby rendering the contributions delinquent.

33. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT IV**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

34. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

35. Defendants failed to make timely contribution payments for one or more work months during the period June 1, 2021, through the present, thereby rendering the contributions delinquent.

36. Defendants' actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendants are therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**(Breach of Contract)**

37. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

38. Defendants have failed to make the payments required under the Settlement Agreement resolving the previous lawsuit by Plaintiffs against Defendants Cook and Capital Painting and Coatings LLC.

39. Defendants' failure to make the payments required under the Settlement Agreement constitute a breach of the Settlement Agreement. As a result, Defendants are liable for the full amount of the Settlement Agreement.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A. Judgment in favor of Plaintiffs and against Defendants for unpaid and delinquent contributions owed by Defendants for the period of June 2021 through the present;

B. Judgment in favor of Plaintiffs and against Defendants for unpaid dues owed by Defendants for the period of June 1, 2021, to the present;

C. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and liquidated damages on the delinquent contributions for the period June 1, 2021, through the present, plus any additional interest accrued at the time of an entry of judgment;

D. Judgment on behalf of Plaintiffs and against Defendants in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

E. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

F. Judgment on behalf of Plaintiffs and against Defendants for the amounts due and owing under the Settlement Agreement;

G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, the policies and procedures adopted by Plaintiffs, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Paul E. Stoehr

Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*